UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-CR-00074 JAM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR ACQUITTAL (RULE 29) |
| v. | |
| DUANE ALLEN EDDINGS, | |
| Defendant. | |

This matter is before the Court on Defendant Duane Eddings' ("Eddings") Motion for Acquittal. Eddings moves the Court for an order granting a motion for judgment of acquittal on Counts 3 and 4 of the Superseding Indictments, arguing that there was insufficient evidence from which the jury could reasonably find Eddings guilty; and Counts 8, 9 and 10 of the Superseding Indictment on the grounds that the government either constructively amended the indictment at trial or fatally varied from the indictment. For the reasons set forth below, Eddings Motion for Acquittal is DENIED.

I.  COUNTS 8, 9 AND 10

A.  Constructive Amendment

After an indictment has been returned and criminal proceedings are underway, the indictment's charges may not be broadened by amendment, either literal or constructive, except by the grand jury itself. United States v. Adamson, 291 F.3d 606, 614 (9th Cir. 2002). Constructive amendment of an indictment may be found where 1) "there is a complex set of facts [presented at trial] distinctly different from those set forth in the charging instrument," or 2) "the crime charged was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." United States v. Adamson, 291 F.3d 606, 615 (9th Cir. 2002).

Eddings argues that the Superseding Indictment was constructively amended when the government proved wire and mail frauds different than those alleged in Counts 1-7 of the superseding indictment to support an element of money laundering, that the money or property at issue be derived unlawfully. Eddings points to language in the money laundering counts that the property at issue in those counts was "derived from specified unlawful activity, that is, Mail Fraud . . . as alleged in Counts One through Four . . .; and Wire Fraud . . . as alleged in Counts Five through Seven of this Superseding Indictment."

The government generally argues that Eddings reads too much into the "as alleged in" language because that language does not indicate that the particular wire or mailing in the referred to counts will necessarily serve as the predicate unlawfully obtained funds.

1          In United States v. Randall, 171 F.3d 195 (4th Cir. 1999), two
2    brothers were arrested for various counts related to a conspiracy
3    to distribute crack. Id. at 198. The § 924(c) charge was for
4    knowingly using and carrying a firearm in the commission of a drug
5    crime. Id. at 201. The indictment further stated that the
6    predicate drug offense was "specifically, distribution of a
7    narcotic controlled substance." Id.
8         At trial, however, the evidence presented indicated that the
9    defendant did not distribute crack when he was arrested. At the
10   time of arrest, no crack transaction occurred. Instead, officers
11   arrested the defendants before any sale occurred and found 1.3
12   grams of crack along with a gun in their car. Id. at 201.
13        The Randall court held that the government amended the
14   indictment in violation of the defendants' Fifth Amendment rights
15   when it proved a different predicate offense than the one alleged
16   in the indictment. Id. at 210.
17        The court reasoned, with relevance to the present case, "the
18   government was not required to specify on which § 924(c) predicate
19   offense it was relying, because the government did indeed specify
20   in the indictment that it was relying on the predicate offense of
21   distribution, it was not allowed through the presentation of its
22   evidence and its argument, and the district court was not allowed
23   through its jury instructions, to broaden the bases of conviction
24   to include the different § 924(c) predicate offense of possession
25   with intent to distribute." Id.
26        In this case, the government used wire fraud and mail fraud as
27   the predicate offenses for the money laundering counts. Randall
28   does not apply neatly because the government did in fact prove

those exact predicate offenses. Eddings argues that the government amended the indictment because it did not prove the exact offenses alleged in counts 1-4 and 7. The government, however, did not specifically state it was going to prove the facts of those offenses and show that Eddings laundered the money derived from them. It only committed to proving wire and mail fraud as the predicate offenses for the money laundering counts. Eddings' reading of the indictment assumes too much when he reads "as alleged" to mean specific acts of wire and mail fraud, rather than those offenses generally.

Even in U.S. v. Dupre, which Eddings distinguishes as incorrectly decided, the indictment specifically identified the particular wire transfer that would be proven at trial in a "to wit" clause. United States v. Dupre, 462 F.3d 131, 141 (2d Cir. 2006). In this case, however, the government did not commit to proving a particular wire or mailing in its indictment on the money laundering counts. Eddings does not provide case law that extends the constructive amendment rule to facts analogous to the present case.

B. Variance

Eddings next argues that if there was no constructive amendment, then there was a variance from the Superseding Indictment that substantially prejudiced his rights.

A variance "occurs when . . . the evidence offered at trial proves facts materially different from those alleged in the indictment." United States v. Adamson, 291 F.3d 606, 614 (9th Cir. 2002) (quoting United States v. Von Stoll, 726 F.2d 584, 586 (9th Cir.1984)). "[A] variance requires reversal only if it prejudices

4

a defendant's substantial rights." Von Stoll, 726 F.2d at 587 (internal quotations omitted).

In this case, the Court finds that there was no variance based on the same reasoning used in the previous section. The government simply did not commit to proving a particular fact or set of facts in the money laundering counts, nor did it need to do so. Thus, there could not be a variance.

In Adamson, the government alleged that the defendant made a particular misrepresentation in the indictment, but then proved a different misrepresentation at trial. The scheme the defendant engaged in was a complicated method used to trick Hewlett-Packard into issuing licenses for upgraded server equipment even though the defendant did not appropriately purchase the upgrades. Id. at 610. In the indictment, the defendant was accused of telling Hewlett-Packard that the servers had not been upgraded at all. At trial, however, the government presented evidence that tended to prove that the defendant did tell HP that the servers had been upgraded, but only neglected to tell HP that the servers had been upgraded without a proper license using an unlawfully obtained proprietary HP program. Id. at 610-11.

The Adamson court determined that the variance between what was charged in the indictment and what was proven at trial was a variance that prejudiced the defendant. Id. at 616. In that case again, the court held that the government was not required to allege a particular act or misrepresentation in the indictment, but since it did so it was bound to adhere to the indictment. Id. The court also found that the variance induced the defendant to prepare a defense that could not adequately respond to the government's

case.

In this case the Court finds that there was no level of prejudice similar to that in <u>Adamson</u> where one scheme was alleged and a different scheme was proven. For instance, the charges of wire fraud and mail fraud allege a scheme or artifice to defraud, and the particular transfers identified in the indictment are only jurisdictional elements. <u>See</u> <u>Neder v. United States</u>, 527 U.S. 1, 20-21 (1999). Thus, Eddings was on notice that his crimes consisted of the Ponzi scheme and its accompanying fraud, not just a couple of wire transfers or mailings. Eddings' response is not persuasive as he only argues that "[a] fair reading of the Superseding Indictment and the discovery provided would lead the defense to anticipate that those individuals specifically named in the mailings and wirings for Counts 1-7 would be used in providing evidence of mail fraud and wire fraud alleged in Counts 8-10." Def's Reply, at 5. Eddings' position, however, goes much further than the circumstance in <u>Adamson</u> where the scheme as alleged was different from the scheme as proved.

Eddings' arguments on both constructive amendment and variance fail because the government did not allege specific instances of wire and mail fraud in the money laundering counts. Eddings has also not persuasively argued that his rights were substantially prejudiced.

## II. COUNTS 3 AND 4

### A. <u>Insufficient Evidence</u>

In considering a motion for judgment of acquittal under Rule 29, the standard applied by the Court is whether at the time of the

motion, viewing evidence in a light favorable to the government, there is relevant evidence from which the jury can reasonably find the accused guilty beyond a reasonable doubt of each element of the crime charged. United States v. Dior, 671 F.2d 351, 357 (9th Cir. 1982).

In this case, Eddings argues that the government failed to present evidence from which the jury could reasonably conclude that his participation in the scheme extended past April 2007. The date is relevant because counts 3 and 4 allege involvement at the time of two mailings on May 22 and 23, 2007. Eddings asserts that the government's witness Robert Brown only testified that Eddings' period of involvement was shown by deposits into Eddings' bank account. Eddings concedes that testimony by IRS Agent Wright established that a deposit was made into Eddings' account on May 7, 2007 and that Eddings transferred $650 to Brown on May 22, 2007.

The issue the Court must decide for this motion is whether or not the two transactions in May were substantial enough for a reasonable jury to find beyond a reasonable doubt that Eddings' participation continued through May 23, 2007.

The government cites United States v. Puckett, 692 F.2d 663, 669 (10th Cir. 1982), for the proposition that a scheme to defraud continues at least as long as participants transfer the proceeds to one another. The government also points out that the letters at issue were dated May 18, 2007 even if they were mailed several days later.

Based on the government's argument, the Court finds that the $650 transfer is adequate to support the jury's finding. If Eddings was involved in the scheme up until May 22, 2007 and the

letters at issue were created and sent during that time, there is evidence that Eddings was involved in the scheme. It may have been a scheme in the process of winding down, but that does not change the fact that the scheme continued and Eddings was involved. Accordingly, there was sufficient relevant evidence from which the jury could find Eddings guilty on these two counts and the motion for acquittal is denied.

Dated: November 21, 2011

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE